UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  18-60679-COOKE/HUNT

KRISTY MURSELL,

      Plaintiff,

v.

OCEAN'S 13 SPORTS BAR & GRILL, INC., a
Florida for-profit corporation, VINICIO
SABATINO a/k/a VINICIO OLMEDA, and
LISA KOWALSKI,

      Defendants.

_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT
## AND DISMISSAL WITH PREJUDICE

Kristy Mursell ("Plaintiff"), and Ocean's 13 Sports Bar & Grill, Inc., Vinicio Sabatino, and Lisa Kowalski ("Defendants"), by and through their undersigned counsel, hereby file this Joint Motion for Approval of Settlement and Dismissal with Prejudice ("Joint Motion"), and state as follows:

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed the instant action against Defendants on or around March 30, 2018, alleging that she was owed unpaid minimum wages and overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. §201, *et seq*. ("FLSA"), and the Florida Minimum Wage Amendment.  Defendants deny Plaintiff's allegations.  Thereafter, the Parties engaged in good faith settlement negotiations, and on or around July 25, 2018, to avoid the uncertainty and continued costs of litigation, reached a settlement agreement with no admission of liability.   The Parties' agreement is memorialized in a Settlement Agreement ("Agreement") which they have

submitted to the Court for *in camera* review, contemporaneously with the filing of the instant Joint Motion.[1]

**MEMORANDUM OF LAW**

As a general rule, the FLSA's provisions are "mandatory," meaning that they generally are not subject to negotiation or bargaining between employer and employee. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982), *citing Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). There are two ways, however, that FLSA claims *may* be settled, compromised, or released by an employee. *Lynn's Food Stores*, 679 F.2d at 1352-53. The first, which has no application in the instant case, permits resolution of claims under the supervision of the United States Department of Labor. *Id.* The second, which does apply in the instant case, permits judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354; *see also Brooks v. Continental Property Services, Inc.*, No. 6:07-cv-1513-ORL-19GJK, 2008 WL 781825 (M.D. Fla. Mar. 19, 2008) (approving FLSA settlement in accordance with *Lynn's Food Stores*); *Swailes v. Surety Construction Co.*, No. 2:07-cv-279-FTM-29DNF,

---

[1] This Court allows for the *in camera* inspection of confidential FLSA settlement agreements. *See Reyes v. Leon Management Int'l, Inc.*, Case No. 17-23959-Civ-Cooke/Goodman (D.E. 24 May 16, 2018).

2008 WL 875981 (M.D. Fla. Mar. 27, 2008) (same).  When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval.  *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005).

The parties respectfully request that the Court approve the Agreement and dismiss Plaintiff's FLSA action with prejudice, each party to bear its own costs, fees, and expenses (except as otherwise set forth in the Agreement with respect to attorneys' fees).  The Parties respectfully submit that the agreed-upon terms of the Agreement are fair and reasonable in light of the relevant factors.  *Id.* at 1145-46.  In particular, Plaintiff respectfully submits, and Defendants agree, that the amount of attorney's fees and costs sought by Plaintiff is fair and reasonable given the legal services performed by Plaintiff's counsel, Bober & Bober, P.A., and the results obtained.

WHEREFORE, Plaintiff Kristy Mursell and Defendants Ocean's 13 Sports Bar & Grill, Inc., Vinicio Sabatino, and Lisa Kowalski respectfully request that this Court enter an Order: (i) approving the Agreement; (ii) finding that the Agreement is a fair and reasonable resolution of this matter; (iii) dismissing this action with prejudice; (iv) retaining jurisdiction to enforce Defendants' payment obligations and (v) granting any such other and further relief the Court deems equitable and just.

Respectfully submitted this 6th day of August, 2018,

| | |
|---|---|
| s./ Peter Bober, Esq. | s/. Kevin D. Smith |
| peter@boberlaw.com | Law Offices of Kevin D. Smith, P.A. |
| Fla. Bar No. 0122955 | 6099 Stirling Road, Suite 101 |
| Bober & Bober, P.A., | Davie, FL 33314 |
| 1930 Tyler Street | (954) 797-9626 tel. |
| Hollywood, FL  33020 | (954) 239-3956 fax |
| Telephone:  (954) 922-2298 | kevin@kdsmithlaw.com |
| Facsimile:  (954) 922-5455 | Attorneys for All Defendants |
| Attorney for Defendants | *Attorneys for Defendants* |